UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSHUA ALLEN, ET AL                                CIVIL ACTION

VERSUS                                             NO. 12-2242

WILLIAM RESTO, ET AL                               SECTION "C" (3)

ORDER AND REASONS

This matter comes before the Court on the issue of the propriety of removal. Having considered the record, the memoranda of counsel and the law, the Court has determined that removal is proper for the following reasons.

The plaintiff filed suit in state court on July 1, 2011, seeking damages for personal injuries allegedly sustained in an February 2011 automobile accident between the plaintiff's automobile and a tractor-trailer owned and operated by the defendants. The original petition contained a statement that the damages of each plaintiff do not exceed $75,000.  Rec. Doc. 1-2 at ¶ XIII.  The defendants removed on September 10, 2012, based on diversity jurisdiction after the plaintiff's August 9, 2012, deposition revealed that the plaintiff had undergone surgery in May 2012, was seeking psychiatric treatment and making a claim for lost wages.  Rec. Doc. 1 at 2.

After review of the removal and state court petitions, the Court ordered

memoranda directed to the issue whether the jurisdictional amount existed at the time of removal. Rec. Doc. 4. The defendants briefed that issue in their memorandum. Rec. Doc. 6. On October 1, 2012, the plaintiff filed a "Memorandum Regarding Jurisdictional Minimum," in which the plaintiff apparently assumed that the jurisdictional amount existed at the time of removal. In the memorandum, the plaintiff requested this Court to remand based on the untimeliness of the removal petition under 28 U.S.C. § 1446(b), which requires, in relevant part, that removal be filed within 30 days after receipt "of a copy of an emended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The plaintiff also cites to § 1446(b) as authority for the proposition that the defendants' removal based on diversity is untimely because it was filed more than one year after commencement of the suit in state court.[1] Rec. Doc. 7.

Assuming that the plaintiff's memorandum can be treated as a motion to remand, the Court finds that the plaintiff's conduct constitutes "bad faith in order to prevent a defendant from removing the action" for purposes of the exception in Section 1446( c). The plaintiff was represented by licensed counsel who failed to update the

---

[1] The correct citation for that rule is 28 U.S.C. § 1446( c), which prohibits removal based on diversity "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

2

plaintiff's discovery responses and disclose to the defendants that he had arranged for the plaintiff to undergo surgery.

The now-subsidiary issue of subject matter jurisdiction begins with the plaintiff's statement in the state court petition that the jurisdictional minimum is lacking. Although now the plaintiff apparently assumes that the jurisdictional minimum is met for subject matter jurisdictional purposes, the defendants have presented proof that at the time of removal, the plaintiff had undergone a lumbar discogram and CT scan, a lumbar laminectomy, multileval lumbar medial branch neurotomy, lumbar epidural blocks and psychiatric care totaling medical expenses over $32,000, and lost wages.  Rec. Doc. 13.  The Court finds that the defendants have  made a showing sufficiently particularized to support this Court's subject matter jurisdiction at the time of removal.

Accordingly,

IT IS ORDERED that a scheduling conference be set.   The Court is satisfied that it has subject matter jurisdiction.

New Orleans, Louisiana, this 29th   day of January, 2013.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE