UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSHUA ALLEN, ET AL                         CIVIL ACTION

VERSUS                                      NO. 12-2242

WILLIAM RESTO, ET AL                        SECTION "C" (3)

ORDER AND REASONS

This matter comes before the Court on motion to exclude due to spoliationfiled by defendants Mobility Network, Inc. and Canal Insurance Company.  Rec. Doc. 20. Having considered the record, the memoranda of counsel and the law, the Court rules as follows.

The defendants seek to exclude evidence regarding the plaintiff's surgery due to the plaintiff's failure to advise the defendants of the surgery and allow an opportunity for an independent medical examination prior thereto.  The plaintiff, who has been represented by at least three separate attorneys, filed suit in July 2011 for damages allegedly sustained in a February 2011 accident.  In November 2011, the defendants received answers to interrogatories filed by then-counsel indicating that "he is seeing Dr. Kenneth Vogel to discus surgery options" and "[s]urgery has not been scheduled, although plaintiff has a follow-up appointment to see Dr. Kenneth Vogel on November 17, 2011."  Rec. Doc. 29-4.  Shortly thereafter, counsel for the defendants corresponded

1

with counsel then representing the plaintiff, specifically reserving defendants' right to request an IME "prior to her [sic] undergoing diagnostic testing and or treatment" and requesting advice "if any treatment is scheduled so that an IME can be scheduled as soon as possible." Rec. Doc. 20-2.

Surgery without notice or supplemental discovery response was performed in May 2012 when the plaintiff was represented by current counsel. Defense counsel first discovered the surgery at the plaintiff's postponed deposition in August 2012. Rec. Doc. 20. The plaintiff argues in opposition that current counsel did not "receive" the November 2011 letter mailed to previous counsel regarding notice of medical treatment and the IME. The plaintiff claims that counsel for the defendants was "negligent" because he did not "ask" current plaintiff's counsel for notice of surgery or updated medical records and never "confirmed" with current counsel whether he received the record from previous counsel. No authority is provided by the plaintiff for the assumption that current counsel is not bound by the actions of previous counsel in the same litigation. Rec. Doc. 28.

The spoliation of evidence is a doctrine relevant when evidence is intentionally destroyed. *Menges v. Cliffs Drilling Co.*, 2000 WL 765082 (E.D.La). In order to apply the party having control over the evidence must have had an obligation to preserve the evidence at the time it was destroyed, and such a duty arises when that party has notice

that the evidence is relevant to litigation. *Collongues v. State Farm Mutual Automobile Insurance Co.*, 2010 WL 103878 (E.D.La.). Those requirements are easily met here.

The Court may either exclude the spoiled evidence or allow the jury to infer that the party spoiled the evidence because it was unfavorable to that party's case. *Pascal's Manale Restaurant, Inc. v. United National Insurance Co.*, 2008 WL 1774131 (E.D.La.) The severity of the sanction imposed by the trial court depends on: (1) the degree of fault; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future. *Id.* Exclusion is a drastic sanction that is avoided if a lesser sanction would be sufficient. *Savarese v. Pearl River Navigation, Inc.*, 2010 WL 1817758 (E.D.La.). The alternative adverse inference is based on the principle of law that a party's intentional destruction of evidence can support an inference that the evidence would have been unfavorable to the party responsible for the destruction, and places the risk of an erroneous judgment on the party who created the risk. *Id.* According to the Fifth Circuit, the adverse inference rule is predicated on the bad faith of the plaintiff. The Fifth Circuit requires the party seeking sanctions to show that the opponent acted in "bad faith." *King. v. Illinois Central Railroad*, 337 F.3d 550, 556 (5th Cir. 2003).

At a minimum, the adverse inference charge is warranted in this case. This

Court has already made a finding of bad faith on the part of plaintiff when it found "that the plaintiff's conduct constitutes 'bad faith in order to prevent a defendant from removing the action'" for purposes of the exception in 28 U.S.C. § 1447( c) relative to removal of a state court suit more than one year after commencement based on diversity.  Rec. Doc. 14 at 2.  That finding was based on the fact that "[t]he plaintiff was represented by licensed counsel who failed to update the plaintiff's discovery responses and disclose to the defendants that he had arranged for the plaintiff to undergo surgery." Rec. Doc. 14 at 2–3.

In addition, the Court is disturbed by the affirmative actions of the plaintiff and his current counsel.  The opposition and experience of current counsel weighs in favor of a harsher sanction since current counsel would have recognized and accepted the possibility that the lesser adverse inference would be imposed as a sanction and nonetheless decided to undertake the surgery without notifying the defendants.   In addition, defense counsel has shown that current plaintiff's counsel deliberately failed to advise counsel for the defendants of his plans for surgery in the various communications he undertook when he wanted the defendants to delay the plaintiff's deposition.  That deposition had been noticed by the defendants in April 2012, prior to the surgery and prior to current counsel even advising the defendants that he was representing the plaintiff in this litigation.   In addition, the fact that plaintiff himself

4

repeatedly changed counsel weighs in favor of a harsher sanction. This case was originally filed in state court without a request for a jury trial, indicative of a value less than $50,000.

The Court recognizes that this may well be the rare case in which the harsher sanction of exclusion is appropriate. At this time, however, the Court will impose the alternative adverse inference rule and so charge the jury. The issue whether the evidence should be altogether excluded may be revisited as discovery proceeds and trial approaches, if appropriate.

Accordingly,

IT IS ORDERED that the motion to exclude due to spoliation filed by defendants Mobility Network, Inc. and Canal Insurance Company is PARTIALLY GRANTED and PARTIALLY DENIED without prejudice. Rec. Doc. 20.

New Orleans, Louisiana, this 16th day of May, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE