UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSHUA ALLEN, ET AL                         CIVIL ACTION

VERSUS                                      NO. 12-2242

WILLIAM RESTO, ET AL                        SECTION "C" (3)

ORDER AND REASONS

This matter comes before the Court on motion to reconsider filed by the plaintiff, regarding the call docket dismissal of William Resto.  Rec. Doc. 45.  This motion is opposed by the remaining two defendants.   Having considered the record, the memoranda of counsel and the law, the Court rules as follows.

The record reflects a prolonged and continuing inability on the part of counsel for the plaintiff to comply with orders and rules.  The plaintiff filed suit in state court on July 1, 2011, seeking damages for personal injuries allegedly sustained in an February 2011 automobile accident between the plaintiff's automobile and a tractor-trailer owned and operated by the defendants.  Although the plaintiff alleged in the state court petition that the damages did not exceed the amount required for removal, the defendants removed in September 2012, after discovering in the plaintiff's deposition that he had undergone surgery in May 2012.  The Court found that the plaintiff's

conduct constituted "bad faith in order to prevent a defendant from removing the action" for purposes of the exception to removal of diversity cases within one year set forth in 28 U.S.C. § 1446( c).  Rec. Doc. 14.  Thereafter, the Court partially granted the defendants motion to exclude evidence of that surgery due to spoliation by agreeing to the adverse inference rule as a jury charge and reserving the possibility of revisiting the issue whether the evidence should be excluded altogether.  Rec. Doc. 34.

   Despite the fact that this case was filed in state court on July 2011, counsel for the plaintiff failed to timely serve the individual defendant, William Resto, resulting in three call docket notices for February 2013, March 2013, June 2013, until finally, on July 9, 2013, William Resto was dismissed for failure to prosecute.   Rec. Docs. 15, 18, 19, 23, 33, 35, 38.  The plaintiff filed this motion to reconsider on July 18, 2013, arguing only that "it would put more expense on the plaintiff to re-file the petition against the defendant and reserve the defendant" and stating that William Resto was served on June 28, 2013.  Rec. Doc. 45.  The plaintiff alternatively states that he received proof of service by fax on July 9, 2013, July 19, 2013, and that he did not receive the original affidavit of service until July 13, 2013.  Rec. Doc. 45-1 at 1, 45-3 at 1.  The plaintiff also provides documentation that service was not requested until June 17, 2013,  after counsel for the plaintiff had received three call docket extensions and the Court had

issued its June 5, 2013, order that if no action was taken, William Resto would be dismissed without further notice. Rec. Doc. 45-3; Rec. Doc. 35.

The plaintiff provides no "good cause" for ignoring the Court's notice or the prolonged delay in serving this defendant. Accordingly,

IT IS ORDERED that the motion to reconsider filed by the plaintiff regarding the call docket dismissal of William Resto is DENIED. Rec. Doc. 45.

New Orleans, Louisiana, this 4th day of October, 2013.

                                          HELEN G. BERRIGAN
                                          UNITED STATES DISTRICT JUDGE