UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSHUA ALLEN, ET AL | CIVIL ACTION |
| VERSUS | NO. 12-2242 |
| WILLIAM RESTO, ET AL | SECTION "C" (3) |

ORDER AND REASONS

IT IS ORDERED that the defendants' second motion to exclude due to spoliation is DENIED.  Rec. Doc. 77.

IT IS FURTHER ORDERED that the defendants' motion in limine regarding testimony from plaintiff's medical providers is DENIED.   Rec. Doc. 79.   There should be no dispute that Rule 26(a)(2) requires the identification of expert witnesses, a written report from those experts who are specially retained to provide expert testimony, and the subject matter and summary of facts and opinions from witnesses who are not provide a written report.   Four factors are relevant to the Court's exercise of discretion with regard to the exclusion of experts not properly designated: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure prejudice. *Hamburger v. State Farm Mutual Automobile Insurance Co.*, 361 F.3d 875, 883

(5th Cir. 2004). Because Dr. Jolly and Dr. Nguyen were first identified in the plaintiff's witness list, the defendants request that their testimony be excluded or limited to the information found in the records produced by the plaintiff, which do not include an opinion as to causation and the extent of the plaintiff's alleged injuries. Rec. Doc. 79 at 4. The plaintiff in opposition specifies a statement in the medical records of Dr. Jolly that he claims is an opinion as to causation, appears to argue that Dr Nguyen's records include a statement as to causation, and argues that the defendants can show no prejudice. In reply, the defendants argue that the records do not contain statements as to causation, and that the defendants do not want a continuance that would prejudice them by giving "the plaintiff another opportunity to correct his past intentional and bad faith conduct." Rec. Doc. 108 at 2. Although a treating physician need not provide an expert report, he may not testify beyond facts made known to him during the course of the care and treatment of the plaintiff. *Soll v. Provident Life & Accident Insurance Co.*, 2002 WL 1461891 (E.D.La.) at *5. When the nature and scope of the treating physician deviates from the "core" of his treatment, an expert report is required under Rule 26(a)(2)(B). *Beechgrove Redevelopment, LLC v. Carter & Sons Plumbing, Heating and Air-Conditioning, Inc.*, 2009 WL 981724 at *5 (E.D.La.). The Court notes that this matter is being tried without a jury, and that the Court is capable of understanding any inherent

ambiguity or limitation contained in the physicians' statements contained in their records, which is the only summary of facts and opinions that have been provided by the plaintiff for purposes of Rule 26(a)(2). The Court finds finds that these two witnesses may testify as treating physicians at trial as to the plaintiff's current and past care and treatment. The Court also finds that the plaintiff's consistent tardiness has prejudiced the defendants. The Court will consider a motion to continue by either party.

    IT IS FURTHER ORDERED that the defendants' motion in limine to exclude the report and/or testimony of Work Recovery Center/Bobby Roberts and Harold Asher, CPA, LLC is DENIED. Rec. Doc. 82. The defense arguments go to the weight to be given the testimony, not its admissibility.

    New Orleans, Louisiana, this 17th day of April, 2014.

                                      HELEN G. BERRIGAN
                                      UNITED STATES DISTRICT JUDGE